I am satisfied from the proofs in this case that the complainant was induced by unjustifiable means to execute a *Page 59 
conveyance of her property, and for which she received no substantial consideration. She, thereafter, continued to live on the premises for a long time, in the expectation of receiving her money, which, it had been represented to her, she was to receive for the sale of the property, but which appears never to have been paid to her. The property was eventually conveyed to the defendant Christian Bruning, who claims the right to hold it as an innocent purchaser for value without notice. He is, however, the nephew of the complainant, and lived near her at the time he took title. She was in physical possession of the premises, which, of itself, put him upon inquiry; and had he taken the precaution which the law exacts of an intending purchaser under such circumstances, he could have readily ascertained, from complainant, what her rights in the property were, had he seen fit to make an effective inquiry, in that respect, of her. This, in my opinion, he failed to do; and he is, therefore, not in a position to successfully defend against the relief sought by complainant in this suit. Counsel for complainant contends that complainant is entitled either to set aside the whole transaction and retain the land, or to assert a vendor's lien for the entire purchase price; and they concede that the defendants should be given the right to elect either to surrender the property to complainant or to pay the full amount of the price which the purchaser from her agreed to pay.
I will, therefore, advise a decree setting aside the entire transaction accordingly, unless within a reasonable time, to be determined upon the settling of the decree, defendants shall elect to pay the full purchase price agreed upon with complainant. *Page 60